Queirolo v. Highridge Condo. Owners Ass'n, No. 200-3-07 Rdcv (Cohen, J., Sept. 1, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                              **CIVIL DIVISION**
**Rutland Unit**                                **Docket No. 200-3-07 Rdcv**

**NANCY SCHILLING QUEIROLO, f/k/a
NANCY SCHILLING, EDGARDO
QUEIROLO, and NANCY SCHILLING
QUEIROLO and EDGARDO QUEIROLO,
as Custodian and Guardian for Katrina E.
Queirolo, Wyatt Queirolo,
and Tessa Queirolo (minors),**
         **Plaintiffs**

      **v.**

**HIGHRIDGE CONDOMINIUM OWNERS
ASSOCIATION, d/b/a HIGHRIDGE OWNERS
ASSOCIATION and d/b/a HIGHRIDGE
ASSOCIATION,**
         **Defendants**


### DECISION ON DEFENDANT'S MOTION TO RECONSIDER, FILED JUNE 1, 2010, and PLAINTIFF'S MOTION FOR AMENDMENT OF COSTS AND MOTION FOR ATTORNEY'S FEES, FILED MAY 27, 2010

This is a condominium foreclosure case arising out of the plaintiffs' alleged use and rental of their condominium as a four-bedroom, as opposed to three-bedroom, and their refusal to pay higher common-expense dues. The Court found that the defendant condominium association had violated Vermont law and its own declaration by incorrectly changing the plaintiffs' assessment percentage. The defendant now seeks reconsideration of the Court's order. The plaintiffs seek an amendment to the findings, as well as costs and attorney's fees.

### BACKGROUND

On May 17, 2010, the Court issued its Findings of Fact, Conclusions of Law, and

Order. The Queirolos had brought suit seeking to have their assessment percentage returned to its original level and to nullify charges by Highridge Condominium Owners Association for past due balance and attorney's fees. The Association sought to foreclose on the Queirolos' condo unit because of the unpaid dues.

The Court found that the Queirolos had used the family room in their condo as a fourth bedroom on multiple occasions. It also found that the Queirolos had rented the condo as a four-bedroom unit during multiple ski seasons. Because of this, the association changed the Queirolos' condo unit percentage assessment, resulting in higher dues for the Queirolos. The Queirolos refused to pay the higher dues.

The Court found that the association changed the percentage interest in violation of Vermont law and the association's declaration. The association argued that the Queirolos should have been estopped from bringing suit to nullify the changes because of the doctrine of "clean hands" However, the Court found that neither party had clean hands, due to the Queirolos' use and rental of the condo and the association's improper assessment changes.

The Court also refused to apply the business judgment rule. Although the Court acknowledged that the business judgment rule may be appropriate in condominium association cases, it found that in this case it was not appropriate because the association's actions were governed by Vermont statute and the association's own declaration. The Court nullified the Queirolos' change in percentage interest and ordered any dues overpaid by the Queirolos to be returned to them. The foreclosure was denied.

## DISCUSSION

### *I. Defendant's Motion to Reconsider*

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). The defendant essentially repeats the same arguments it previously made before the Court. The Court specifically set forth its conclusions as to why "unclean hands" did not bar the plaintiffs from bringing suit to nullify the changes. Furthermore, the Court addressed why application of the business judgment rule was not proper in this case. The Court sees no manifest error of law or fact, and the defendant has not presented newly discovered evidence. The motion to reconsider is denied.

### *II. Plaintiffs' Motion to Amend Findings, Allowance of Costs and Attorney's Fees*

The plaintiffs seek to have the findings amended. However, in essence this is a motion for reconsideration. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. The Court finds no manifest errors in its findings of fact and there is no newly discovered evidence by the plaintiffs. The motion for amendment of findings is denied.

The plaintiff also seeks attorney's fees, arguing that because the defendant association could have sought attorney's fees under the condominium declaration, under principles of equity, the plaintiffs should be able to seek fees as well. The Court does not agree. The declaration only mentions the recovery of attorney's fees for the association. Furthermore, the Court has already refused to apply equitable principles in this case.

The plaintiff may, however, recover costs in the case as the prevailing party under V.R.C.P. 54. The Court finds that the plaintiffs may recover the $225 filing fee. But, the plaintiffs may not recover the $468 for travel to the Court proceedings. Also, interest on attorney's fees is not an allowable cost.

## ORDER

(1) The defendant's Motion to Reconsider, filed June 1, 2010, is DENIED.

(2) The plaintiffs' Motion for Amendment of Findings, filed May 27, 2010, is DENIED.

(3) The plaintiffs' Motion for Allowance of Attorney's Fees, filed May 27, 2010, is DENIED.

(4) The plaintiffs' Motion for Allowance of Costs, filed May 27, 2010, is GRANTED in part. The plaintiffs' are allowed the $225 filing fee.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

4